**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

———————————————————X
:
ERICA IVEZAJ, on behalf of herself and all others :
similarly situated,                               :
                                                  :
               Plaintiff,        :  Civil Action No.
                                 :
vs.                              :  **CLASS ACTION COMPLAINT AND**
                                 :  **JURY TRIAL DEMAND**
JEROME O'BRIEN and  FRANCIS TAYLOR, :
individually, and d/b/a O'BRIEN & TAYLOR, and :
O'BRIEN & TAYLOR,                 :
                                  :
               Defendants.        :
———————————————————— X

Plaintiff ERICA IVEZAJ (hereinafter "Plaintiff"), on behalf of herself and all

others similarly situated, by and through her undersigned attorney, alleges against the

above-named Defendants JEROME O'BRIEN and FRANCIS TAYLOR, individually,

and d/b/a O'BRIEN & TAYLOR, of Essex County New Jersey, (hereinafter

"Defendants"), their employees, agents, and successors, the following:

### PRELIMINARY STATEMENT

1.      Plaintiff  brings  this  action  for  actual  and  statutory  damages  and

declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.    Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4.    As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.    Plaintiff demands a jury trial on all issues.

## PARTIES

6.    The FDCPA, 15 U.S.C. § 1692 *et seq*., which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.    Plaintiff is a natural person and resident of Passaic County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Based upon information and belief defendant JEROME O'BRIEN is an individual attorney with a principle place of business located in West Caldwell, New Jersey.

9.      Based upon information and belief defendant FRANCIS TAYLOR is an individual attorney with a principle place of business located in West Caldwell, New Jersey.

10.     Based upon information and belief Defendant O'BRIEN & TAYLOR is a general partnership comprised of general partners Defendant JEROME O'BRIEN and/or Defendant FRANCIS TAYLOR with a principle place of business located in West Caldwell, New Jersey.

11.     Based upon information and belief, each Defendant is a lawyer debt collector or debt collection law firm that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

12.     Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

13.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received written communications and/or been subject to court filings from the Defendant which are in violation of the FDCPA, as described in this Complaint.

14.     This Action is properly maintained as a class action.

•     All New Jersey consumers from whom Defendants made an attempt to collect interest and/or other amounts in excess of what Defendants were entitled to collect;

• The Class period begins from May 30, 2019 to the filing of this Action.

15.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

•     Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or been subject to court filings from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard court filing and/or written communications (*See* **Exhibits A,B and C** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

• There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

a.   Whether Defendants violated various provisions of the FDCPA;

4

      b.  Whether Plaintiff and the Class have been injured by the Defendants' conduct;

      c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous

individual actions would engender. Class treatment will also permit the

adjudication of relatively small claims by many Class members who

could not otherwise afford to seek legal redress for the wrongs

complained of herein.  Absent a Class Action, class members will

continue to suffer losses of statutory protected rights as well as

monetary damages.  If the Defendants' conduct is allowed to proceed

without remedy it will continue to reap and retain the proceeds of its

ill-gotten gains;

• Defendants have acted on grounds generally applicable to the entire

Class, thereby making appropriate final injunctive relief or

corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

16.    Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is

defined by 15 U.S.C. §1692a(3).

17.    Defendants collect and attempt to collect debts incurred or alleged to have

been incurred for personal, family or household purposes on behalf of creditors using the

United States Postal Service, telephone and/or the Internet.

18.    Each Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

19.    Sometime prior to May 30, 2019, Plaintiff allegedly incurred a financial

obligation to OBGYN & INFERTILITY SERVICES OF NORTHERN NJ LLC,

("OBGYN") related to medical services provided to Plaintiff ("the OBGYN obligation").

20.    The OBGYN obligation arose out of a transaction in which money,

property, insurance or services, which are the subject of the transaction, are primarily for

personal, family or household purposes.

21.     The alleged OBGYN obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

22.     OBGYN is a "creditor" as defined by 15 U.S.C. § 1692a(4).

23.     Sometime prior to May 30, 2019, OBGYN either directly or through intermediate transactions assigned, placed or transferred the OBGYN obligation to Defendants for collection.

24.     At the time the OBGYN Obligation was assigned, placed or transferred to Defendants, the OBGYN obligation was in default.

25.     On or about, May 30, 2019, Defendants filed a lawsuit against Plaintiff on behalf of OBGYN entitled OBGYN & Infertility Services of Northern NJ LLC v. Erica Ivezaj, Pas-L-1687-19 ("the State Court Action") in the New Jersey Superior Court of New Jersey, Law Division, Special Civil Part, to recover $30,896.72, plus interest of $630.81 related to the OBGYN obligation.  A copy of the State Court Action complaint is attached as Exhibit A.

26.     However, Defendants were not entitled to collect $630.81 in interest as part of the State Court Action.

27.     Additionally, at the time that Defendants filed the State Court Action Defendants were not entitled to collect $30,896.72.

28.     In fact on or about June 25, 2019, Plaintiff was informed by OBGYN that the total owe was $13,622.40 in addition to collection fees. See, Attached Exhibit B

29.     In an email dated June 26 2019, Defendants sought to a current balance amount of  $22,109.00.  See, Attached Exhibit C.

30.    At the time that Defendants sent the June 26 2019 email, Defendants were not entitled to collect $22,109.00, which amount was in excess of any amount that Plaintiff owed

31.    Even though Defendants knew that neither $30,896.72 nor $22,109.00 was owed by Plaintiff after the lawsuit was filed, Defendants never amended the complaint in the State Court Action to indicate the correct amount that Plaintiff owed.

32.    Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendants.

33.    Plaintiff suffered actual harm by being the target of Defendants' misleading debt collection communications.

34.    Defendants violated Plaintiff's rights not to be the target of misleading debt collection communications.

35.    Defendants violated Plaintiff's right to a trustful and fair debt collection process.

36.    Under the FDCPA, Plaintiff had the right to receive certain information from Defendants regarding the amount of the debt that she owed.

37.    Defendants' communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

38.    The documents Defendants filed the Court provided confusing and incorrect information and caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding his rights under the FDCPA.

8

39.     Defendants' communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

40.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

41.     As a result of Defendants' conduct, Plaintiff suffered an actual, concrete injury as a result of Defendants' failure to provide Plaintiff information required under the FDCPA.

42.     The failure of Defendants to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

43.     Defendants' failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter.

44.     The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose a response.

## POLICIES AND PRACTICES COMPLAINED OF

45.     It is Defendants' policy and practice to send written collection communications and/or file documents with the court, seeking to collect more in interest

and/or other amounts which they was not entitled to collect, in the form annexed hereto as which violate the FDCPA, by *inter alia*:

    (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b)    By making false representations of the character or legal status of a debt; and

    (c)    Using unfair or unconscionable means to collect or attempt to collect any debt.

46.    On information and belief, Defendants filed collection lawsuits in state court seeking to collect interest and/or other amounts that were in excess of what they were entitled to collect against at least 30 natural persons in the State of New Jersey.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

47.    Plaintiff repeats the allegations contained in paragraphs 1 through 46 as if the same were set forth at length.

48.    Defendants violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

49.    By seeking to collect more in interest and/or other amounts in excess of what they were entitled to, Defendants violated:

A.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B.  15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C. 15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

D. 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or this is not intended to be taken;

E. 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

F. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

G. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(b) Awarding pre-judgment interest;

(c) Awarding post-judgment interest;

(d) Awarding reasonable attorneys' fees, costs and expenses; and

(e) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
         June 1, 2020

                              Respectfully submitted,


                         By: s/ Lawrence C. Hersh
                             Lawrence C. Hersh, Esq.
                             17 Sylvan Street, Suite 102B
                             Rutherford, NJ  07070
                             (201) 507-6300
                             *Attorney for Plaintiff*


## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.


Dated: June 1, 2020              By: s/ Lawrence C. Hersh
                                     Lawrence C. Hersh, Esq

EXHIBIT A

**O'BRIEN & TAYLOR**
ATTORNEYS AT LAW

175 FAIRFIELD AVENUE
P.O. BOX 505
WEST CALDWELL, NJ 07007
Telephone: 973-226-0900
Fax: 973-226-5149

JEROME F. O'BRIEN
FRANCIS M. TAYLOR

MAILING ADDRESS:
P.O. BOX 505
WEST CALDWELL, NJ 07007

May 28, 2019

Clerk
Superior Court of New Jersey
**Passaic County**
**71 Hamilton St.**
**Paterson, NJ 07501**

RE:  OBGYB & Infertility
vs.  Erica Ivezaj
Docket Number:
Our File Number:  C165-219
Collateral Account No: 142304

Dear Sir:

Enclosed herewith please find a Complaint in the above matter for filing.
Kindly assign a docket number and provide us with same.

Very truly yours,

JEROME F. O'BRIEN
ID # 001221975

JFO:L508

O'BRIEN & TAYLOR, ESQS.
175 Fairfield Avenue
P.O. Box 505
West Caldwell, New Jersey  07007
(973) 226-0900
Attorney ID #001221975
<u>Attorneys for Plaintiff(s)</u>

| | |
|---|---|
| OBGYN & INFERTILITY<br>SERVICES OF NORTHERN NJ<br>LLC<br><br>   Plaintiff(s)<br>  vs.<br><br>ERICA IVEZAJ<br><br><br>   Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:**PASSAIC**COUNTY<br><br> DOCKET NO.:<br><br><br>  CIVIL ACTION<br>  <u>COMPLAINT</u> |

Plaintiff(s), OBGYN & INFERTILITY SERVICES OF NORTHERN NJ

doing business at: Clifton, NJ

<u>FIRST COUNT</u>

 1.  Defendant(s) is/are indebted to the plaintiff in the sum of $30,896.72, plus interest, on a certain book account, as set forth in Schedule "A" which is made a part hereof.

 2.  There is due and owing from the defendant(s) to the plaintiff the sum of $30,896.72, plus interest of $630.81as set forth in  Schedule "A", which amount the defendant(s) agreed to pay.

 3.  Notwithstanding plaintiff's demands, the defendant(s) has/have failed , refused and neglected to pay the same.

<u>SECOND COUNT</u>

 1.  Defendant(s) is/are indebted to the plaintiff in a certain contract for goods sold and delivered and/or services rendered of the defendant(s) and upon said defendant(s) promise to pay the agreed amount which is made a part hereof.

 2.  There is due and owing from the defendant(s) to the plaintiff the sum of $30,896.72 plus interest of $630.81, as set forth in Schedule "A", which amount the defendant(s) agreed to pay.

3.  Notwithstanding plaintiff's demands, the defendant(s) has/have failed, refused and neglected to pay same.

### THIRD COUNT

1.  The plaintiff sues the defendant(s) for the reasonable value of the goods sold and delivered and/or services rendered by the plaintiff to the defendant(s), on said defendant(s) promise and agreement to pay a reasonable price for the same as set forth in Schedule"A" which is made a part hereof.

2.  There is due and owing from the defendant(s) to the plaintiff the sum of $30,896.72, plus interest of $630.81, as set forth in Schedule "A", which amount the defendant(s) agreed to pay.

3.  Notwithstanding plaintiff's demands, the defendant(s) has/have failed, refused and neglected to pay same.

### FOURTH COUNT

1.  Defendant(s) being indebted to the plaintiff in the sum of $30,896.72, plus interest, and upon an account stated between the parties, did in consideration thereof, promise to pay plaintiff the said sum upon request.

2.  There is due and owing from the defendant(s) to the plaintiff the sum of $30,896.72 plus interest of $630.81, as set forth in Schedule "A", which amount the defendant agreed to pay.

3.  Notwithstanding plaintiff's demands, the defendant(s) has/have failed, refused and neglected to pay same.

WHEREFORE, plaintiff demands judgment against the defendant(s) in the sum of $30,896.72, plus interest of $630.81, as set forth in Schedule"A" set forth below and costs of suit.

/s/JEROME F. O'BRIEN
O'BRIEN & TAYLOR
Attorneys for Plaintiff

DATED:  May 28, 2019

SCHEDULE "A"

GOODS SOLD AND DELIVERED:  $30,896.72
INTEREST TO DATE:      $630.81
TOTAL DUE:         $31,527.53

Our File Number:  C165-219

## CERTIFICATION

I certify that pursuant to R. 4:5-1, that to my knowledge, the within matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding and no other action or arbitration proceeding is contemplated at this time.

O'BRIEN AND TAYLOR, ESQS.

BY: JEROME F. O'BRIEN
Attorney for Plaintiff

Dated:

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule 4:5-1*

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

### Track III - 450 days' discovery
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
| | | | |
|---|---|---|---|
| 271 | ACCUTANE/ISOTRETINOIN | 296 | STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 299 | OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR |
| 282 | FOSAMAX | 300 | TALC-BASED BODY POWDERS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 601 | ASBESTOS |
| 286 | LEVAQUIN | 623 | PROPECIA |
| 287 | YAZ/YASMIN/OCELLA | 624 | STRYKER LFIT CoCr V40 FEMORAL HEADS |
| 289 | REGLAN | 625 | FIREFIGHTER HEARING LOSS LITIGATION |
| 291 | PELVIC MESH/GYNECARE | 626 | ABILIFY |
| 292 | PELVIC MESH/BARD | 627 | PHYSIOMESH FLEXIBLE COMPOSITE MESH |
| 293 | DEPUY ASR HIP IMPLANT LITIGATION | 628 | TAXOTERE/DOCETAXEL |
| 295 | ALLODERM REGENERATIVE TISSUE MATRIX | 629 | ZOSTAVAX |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category**  ☐ **Putative Class Action**  ☐ **Title 59**

**Appendix XII-B1**

<table>
<tr><td colspan="2" rowspan="2"></td><td><b>CIVIL CASE INFORMATION STATEMENT</b><br>(CIS)</td><td colspan="2"><b>FOR USE BY CLERK'S OFFICE ONLY</b><br>PAYMENT TYPE: ☐CK ☐CG ☐CA</td></tr>
</table>

### CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

FOR USE BY CLERK'S OFFICE ONLY

PAYMENT TYPE: ☐CK ☐CG ☐CA

CHG/CK NO.

AMOUNT:

OVERPAYMENT:

BATCH NUMBER:

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| JEROME F. O'BRIEN(001221975) | (973) 226-0900 | ESSEX |

FIRM NAME (if applicable)
O'BRIEN & TAYLOR, ESQS.

DOCKET NUMBER (when available)

OFFICE ADDRESS
175 FAIRFIELD AVENUE, P.O. BOX 505
WEST CALDWELL, NJ  07007

DOCUMENT TYPE
COMPLAINT

JURY DEMAND   ☐ YES   ☒ No

NAME OF PARTY (e.g., John Doe, Plaintiff)
OBGYN & Infertility Services
of Northern NJ LLC
Plaintiff(s)

CAPTION
Erica Ivezaj
Defendant(s)

CASE TYPE NUMBER
(See reverse side for listing)
502

HURRICANE SANDY RELATED?
☐ YES   ☒ NO

IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ☒ NO
IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING?
☐ Yes   ☒ No

IF YES, LIST DOCKET NUMBERS

DO YOU ANTICIPATE ADDING ANY PARTIES
(arising out of same transaction or occurrence)?
☐ Yes   ☒ No

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY  (if known)
☐ NONE
☐ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?
☐ Yes   ☒ No

IF YES, IS THAT RELATIONSHIP:
☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)
☐ FAMILIAL   ☐ BUSINESS

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ YES   ☒ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?
☐ Yes   ☒ No

IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION

WILL AN INTERPRETER BE NEEDED?
☐ Yes   ☒ No

IF YES, FOR WHAT LANGUAGE?

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:                    [signature]   7/24/19

EXHIBIT B



**Carmen Revello** <carmen.████████@gmail.com>                    Jun 25, 2019, 11:56 AM
to ◌ erica.████

Your message, protected by Virtru ◌

No expiration date

Unfortunately not Erica. I just got off the phone with your husband's insurance ID# starting with ███ and there were more checks cashed by you for multiple dates of services. Your account will remain in collections. Here is the breakdown:

Bulk check in the amount of $5,356.80, ck# ██████227 was cashed on 10/31/18. Here are the dates associated to this check.

DOS: 1/9/18 $326.40
DOS: 1/22/18 $305.60
DOS: 2/14/18 $649.60
DOS: 2/21/18 $468.80
DOS: 3/13/18 $649.60
DOS: 3/27/18 $628.80
DOS: 4/3/18 $389.60
DOS: 4/4/18 $801.60
DOS: 4/10/18 $389.60
DOS: 4/12/18 $265.60
DOS: 6/11/18 $120.80
DOS: 7/17/18 $360.80

DOS: 4/26/18 $265.60 check# ██████139 cashed on 11/5/18

DOS: 4/28/18 $8,000.00 ck# ██████110 cashed on 11/15/18

Total of $13,622.40 owed to us in additional to collection fees. Please contact the agency for payment.

Sincerely,

Carmen

On Tue, Jun 25, 2019 at 11:10 AM <erica████@gmail.com> wrote:
Great are we all set now?

Sent from my iPhone

On Jun 25, 2019, at 10:36 AM, Carmen Revello <carmen.████████@gmail.com> wrote:

EXHIBIT C



📎 **Re: OBGYN & INFERTILITY C165-219**

carmen.███████@gmail.com

To: erica.███████@gmail.com & obtlaw@aol.com
Wednesday, Jun 26, 2019 - 3:53pm

Virtru Encrypted Message

Dear O'Brien & Taylor, Esqs,

Please see the attached e-mail sent yesterday to the patient of which is stated the insurance amount due in addition to collection fees from the agency.  All of our correspondence have been via e-mail which is for your reference.

Thank you,
Carmen

> **Erica Ivezaj email.pdf.tdf (91.6 Kb)**

On Wed, Jun 26, 2019 at 3:23 PM <erica████@gmail.com (mailto:<erica​████@gmail.com)> wrote:

> Hi,
>
> This is not the balance as per my conversation with Carmen Revello yesterday.  She said it's 13,622.40 which is the total of 3 checks that I did receive.
>
> Sent from my iPhone
>
> On Jun 26, 2019, at 1:49 PM, obtlaw@aol.com (mailto:obtlaw@aol.com) wrote:
>
>> This is to advise you that the current balance due is $22,109.00.
>>
>> Please contact our office to make payment.
>>
>> O'Brien & Taylor, Esqs.
>> P.O. Box 505
>> West Caldwell, NJ  07007
>> (973) 226-0900 ext. 0
>> obtlaw@aol.com (mailto:obtlaw@aol.com)
>>
>> This email is from a debt collector

--
*Carmen Revello*
Office Manager/AR Manager

OBGYN & Infertility Services of Northern NJ
721 Clifton Ave. Suite 1A
Clifton, NJ 07013
ph# 973-471-0707 ext 103
fax# 973-471-2121